IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                      ORDER

          v.                             04-cr-118-bbc-01

DANIEL J. ABEITA,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Daniel J. Abeita's supervised release was held on May 7, 2010, before United States District Judge Barbara B. Crabb.  The government appeared by Assistant United States Attorney John W. Vaudreuil. Defendant was present in person and by counsel Krista M. Ralston.  Also present was Senior United States Probation Officer Helen Raatz.

From defendant's stipulations, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on December 17, 2004, following his conviction for distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  This offense is a Class C felony.  He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 57 months, with a 36-month term of supervised release to follow.  On February 25, 2008, his sentence was amended to a term of

imprisonment of time served, with a 36-month term of supervised release to follow.

On March 13, 2008, defendant's term of supervised release commenced. On April 15, 2009, his conditions of supervised release were modified with the addition of Special Condition No. 5, requiring him to complete a 180-day placement at a residential reentry center as an alternative to revocation because he could not control his binge drinking.

On September 15, 2009, defendant violated the statutory condition of supervision prohibiting him from committing another federal, state or local crime and Special Condition No. 3, requiring him to abstain from the use of alcohol and illegal drugs, when he was arrested and charged with operating while under the influence (1st offense). On October 20, 2009, defendant was convicted of the charge in the Circuit Court for Sawyer County (Case No. 2009TR001477).

Defendant violated Special Condition No. 3, requiring him to abstain from the use of alcohol and illegal drugs, as evidenced by his December 2, 2009, urine specimen, which tested positive for marijuana.

On February 26, 2010, defendant violated Special Condition No. 5, requiring him to spend up to 180 days in a residential reentry center, when he was discharged from Fahrman Center because he did not follow mandatory programming rules.

On April 3, 2010, defendant violated the statutory condition of supervision prohibiting him from committing another federal, state or local crime and Special Condition No. 3, requiring him to abstain from the use of alcohol and illegal drugs, when he was arrested and charged with operating while under the influence (2nd offense), operating with

prohibited alcohol concentration .08 or more (2nd offense), operating while revoked, and resisting or obstructing an officer.  These charges are pending in the Circuit Court for Sawyer County (Case No. 2010CT000082).

Defendant's conduct falls into the category of a Grade C violation.   Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervised release, extend the term of supervised release or modify the conditions of supervision upon a finding of a Grade C violation.

CONCLUSIONS

Defendant's violations warrant revocation.

Defendant's criminal history category is III.  With a Grade C violation, defendant has an advisory guideline term of imprisonment of 5 to 11 months.  The statutory maximum to which he can be sentenced upon revocation is 24 months, because this offense is a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence above the guideline range.  The intent of this sentence is to protect the public, hold defendant accountable for his actions and provide him the opportunity to participate in a long-term substance abuse treatment program in the Bureau of Prisons.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on February 25, 2008 is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of  24 months.  No term of supervised release shall follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 9th day of June, 2010.


BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge